UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ROSAS,<br><br>         Plaintiff,<br><br>-against-<br><br>SHOREHAVEN HOMEOWNERS ASSOCIATION, INC. ("SHOA"), and HAYDEE ROSARIO, as an individual and in her capacity as President of SHOA,<br><br>         Defendants. | 23-CV-4052 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff Luis Rosas ("Plaintiff") brings this action alleging employment discrimination and violations of Federal and New York State labor laws by Defendants Shorehaven Homeowners Association ("SHOA") and Haydee Rosario ("Rosario") (collectively, the "SHOA Defendants" or "Defendants"). Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion is GRANTED.

## BACKGROUND

### I. Facts

  The facts of this case are taken primarily from Plaintiff's Complaint and are presumed true for purposes of this motion. Plaintiff was employed by Defendants from June 2016 through December 2021 as a superintendent and handyman for a residential property located at 15 White Plains Road, Bronx, NY 10473. ECF No. 1 ("SHOA Compl.") ¶¶ 24–25. Defendant SHOA is the homeowners association for the property on White Plains Road. *Id.* ¶ 13. Defendant Rosario is the president of SHOA's Board of Directors. *Id.* ¶ 14. On February 27, 2020, Defendants entered into a Residential Management Agreement with Trion Real Estate Management LLC ("Trion"),

pursuant to which Trion was appointed to serve as the managing agent for SHOA's property. ECF No. 21-5 at 1.

During his employment, Plaintiff regularly worked fifty to sixty hours per week but was only compensated for forty hours of work each week. *Id.* ¶¶ 27–28. In addition to performing routine maintenance on the property, Plaintiff was required to work overtime to address tenant emergencies, heating issues during the winter and, for three months, was required to supervise a nearby park area. *Id.* ¶¶ 30–36.

In or around July 2021, Plaintiff suffered a back injury while attempting to fix a metal door. *Id.* ¶ 47. As a result of the injury, Plaintiff made certain medical requests to his manager, Israel. *Id.* ¶ 48. In response, Israel insulted Plaintiff, "calling Plaintiff 'lazy' and [stating] that he hurt his back because he was 'getting too old' to do his job duties." *Id.* Instead of accommodating Plaintiff by giving him less physically strenuous work, Defendants "effectively demoted Plaintiff and stripped him of his prior duties and responsibilities and treated him as the lowest ranking employee." *Id.* ¶ 52. In or around October 2021, Plaintiff was injured a second time. *Id.* ¶ 56. In or around November 2021, Defendants terminated Plaintiff's employment. *Id.* ¶ 57.

Plaintiff filed his complaint on May 16, 2023, bringing wage and hours claims against Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and a discrimination claim under the New York State Executive Law ("NYSEL"). *Id.* ¶¶ 62–86.

II.  **Procedural History**

On July 11, 2022, Plaintiff filed a lawsuit against Trion and Carmelo Milio ("Milio"), Trion's president and owner (collectively, the "Trion Defendants"), alleging employment discrimination and violations of Federal and New York State labor laws (the "Trion Action"). *See*

ECF No. 21-4 (the "Trion Complaint" or "Trion Compl."); *see also Rosas v. Trion Real Estate Management LLC et al.*, No. 22-CV-5881 (JCM) (S.D.N.Y. Jul. 11, 2022).

The Trion Complaint is nearly identical to the one in the present case. According to the Trion Complaint, Plaintiff was employed by the Trion Defendants from June 2016 through December 2021 as a superintendent and handyman for a residential property located at 15 White Plains Road, Bronx, NY 10473. Trion Compl. ¶¶ 21–22. Plaintiff regularly worked fifty to sixty hours per week but was only compensated for forty hours of work each week. *Id.* ¶¶ 24–25. In addition to performing routine maintenance on the property, Plaintiff was required to work overtime to address tenant emergencies, heating issues during the winter and, for three months, was required to supervise a nearby park area. *Id.* ¶¶ 27–33.

The Trion Complaint alleges, identical to the instant case, that, in or around July 2021, Plaintiff suffered a back injury while attempting to fix a metal door. *Id.* ¶ 43. As a result of the injury, Plaintiff made certain medical requests to his manager, Israel. *Id.* ¶ 44. In response, Israel insulted Plaintiff, "calling Plaintiff 'lazy' and [stating] that he hurt his back because he was 'getting too old' to do his job duties." *Id.* Instead of accommodating Plaintiff by giving him less physically strenuous work, Defendants "effectively demoted Plaintiff and stripped him of his prior duties and responsibilities and treated him as the lowest ranking employee." *Id.* ¶ 48. In October 2021, Plaintiff was injured a second time. *Id.* ¶ 52. Within a month or so later, Defendants terminated Plaintiff's employment. *Id.* ¶ 53.

Plaintiff brought wage and hours claims against the Trion Defendants under the FLSA, NYLL and the NYSEL. *Id.* ¶¶ 58–82.

On February 2, 2023, Plaintiff entered into a Negotiated Settlement Agreement and Release with the Trion Defendants, under which Plaintiff settled all wage and hour claims

against the Trion Defendants. ECF No. 21-6 (the "Wage and Hour Settlement"). Per the Wage and Hour Settlement, Plaintiff released all wage and hour claims that have or could have been brought (as of the date of the agreement) against the Trion Defendants, or their principals, under various statutes, including the FLSA and NYLL. *Id.* at 2. Also on February 2, 2023, Plaintiff entered into a separate Confidential Settlement Agreement resolving Plaintiff's age and disability discrimination claims against the Trion Defendants. ECF No. 21-7 (the "Discrimination Settlement" and, together with the Wage and Hour Settlement, the "Settlement Agreements"). The Discrimination Settlement contains a similar release for discrimination claims against the Trion Defendants and their principals, among other released parties. *Id*. at 2–3.

On February 13, 2023, Magistrate Judge McCarthy, having reviewed both the Wage and Hour Settlement and the Discrimination Settlement, approved the terms of the Wage and Hour Settlement. ECF No. 21-8. On March 15, 2023, the parties jointly filed a stipulation dismissal with prejudice. ECF No. 21-9.

## LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (internal citation omitted). A claim will survive a Rule 12(b)(6) motion only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. If a complaint does not state a plausible claim for relief, it must be dismissed. *Id*. at 679.

On a 12(b)(6) motion to dismiss involving the affirmative defense of *res judicata*, the Court may consider "all relevant facts [] shown in the plaintiff's complaints, attachments thereto, and in the court's own records, which are appropriate for judicial notice." *Fischer v. Brushy Mountain Bee Farm, Inc.*, No. 17-CV-10094 (PAE), 2023 WL 8603027, at *6 (S.D.N.Y. Dec. 12, 2023) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). Additionally, the Court may consider a document outside of the complaint "where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). "This generally occurs when the material considered is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted).

Here, in considering Defendant's motion, the Court takes judicial notice of public documents filed in connection with the Trion Action. Defendants have attached each of the relevant documents from the Trion Action to their motion to dismiss and, for ease of reference, the Court will cite to Defendants' attachments and not to the *Trion* docket. The Court also considers the Residential Management Agreement between Defendants and Trion, finding it

integral to Plaintiff's Complaint. It is relevant both to whether the Complaint is barred by *res judicata* and whether the claims asserted in the Complaint were released in a previous action. Further, Plaintiff does not object to reliance on this document and, in fact, relies on the document himself in his brief to argue against dismissal. Pl. Mem. at 10.

## DISCUSSION

Defendants assert three arguments in support of their motion to dismiss. First, they argue that this action is barred by *res judicata*. Second, they contend that the Settlement Agreements that Plaintiff executed with Trion release Plaintiff's claims against Defendants. Third, they maintain that the action is barred by collateral estoppel. Because the Court finds that this action is precluded under the doctrine of *res judicata* and released by the Settlement Agreements, it will not address Defendants' collateral estoppel argument.

### I.     Plaintiff's Claims Are Barred by *Res Judicata*

Under the doctrine of *res judicata*, also known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Thus, *res judicata* 'prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided.'" *Reininger v. New York City Transit Auth.*, No. 11-CV-7245 (DAB), 2016 WL 10566629, at *3 (S.D.N.Y. Dec. 22, 2016) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992)).

"It is well-settled that *a res judicata* challenge may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Tal Properties of Pomona, LLC v. Vill. of Pomona*, No. 19-CV-06838 (PMH), 2021 WL 4066845, at *2 (S.D.N.Y. Sept. 7, 2021), *aff'd*,

No. 22-1826, 2023 WL 2924571 (2d Cir. Apr. 13, 2023) (cleaned up). "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

A claim is barred under *res judicata* if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Brodsky v. New York City Campaign Finance Bd.*, 796 F. App'x 1, 3 (2d Cir. 2019) (citing *Monahan*, 214 F.3d at 285); *see also Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). All three elements are met here.

### A. The Prior Action Was an Adjudication on the Merits

A settlement and stipulation resulting in a dismissal with prejudice constitutes a final judgment on the merits. *See Reininger*, 2016 WL 10566629, at *4; *Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 349 (S.D.N.Y. 2012) (quoting *Dillard v. Henderson*, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999)); *see also* 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.30[3][c][ii] (3d ed. 2023). Here, Plaintiff and the Trion Defendants entered into two separate settlement agreements, resulting in a complete resolution of Plaintiff's claims. After Judge McCarthy approved the Wage and Hour Settlement, the parties voluntarily dismissed the action with prejudice by stipulation. ECF No. 21-9. That stipulation constitutes an adjudication on the merits of Plaintiff's wage and hour and discrimination claims. *See Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1996) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.").

### B. Defendants Are in Privity with the Trion Defendants

*Res judicata* requires parties in a prior action to be the same or in privity with those in the subsequent action. As Plaintiff brought both the Trion Action and the instant lawsuit, the only dispute is whether the SHOA Defendants (SHOA and Rosario) are in privity with the Trion Defendants (Trion and Milio). "In its modern form, the principle of privity bars relitigation of the same cause of action . . . where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995). A sufficiently close relationship exists where a party's "interests were adequately represented [in a prior action] by another vested with the authority of representation." *Monahan*, 214 F.3d at 285 (quoting *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir.1989)).

Here, the SHOA and Trion Defendants were in privity with one another.[1] Their relationship, as relevant here, is set forth in their Residential Management Agreement, which explicitly designated SHOA as the principal and Trion as its agent. *See* ECF 21-5 at 1. The Agreement requires Trion to act on SHOA's behalf in a variety of ways, including through hiring SHOA's employees, managing their properties and entering into certain contracts on SHOA's behalf, among other duties. *Id.* at 1-2.

This principal-agent relationship is sufficiently close to establish privity between the SHOA Defendants and the Trion Defendants for the purposes of *res judicata*. *See Reininger*, 2016 WL 10566629, at *4 ("Generally, an employer-employee or agent-principle [sic] relationship will provide the necessary privity for claim preclusion with respect to matters within

---

[1] The parties do not dispute that if SHOA and Trion are in privity, their respective presidents, Rosario and Milio, are also privity.

8

the scope of the relationship, no matter which party is first sued.") (quoting Moore et al., *Moore's Federal Practice* § 131.40); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 701 (S.D.N.Y. 2014) ("Courts have held that the attorney-client relationship itself establishes privity.") (cleaned up); B*urberry Ltd. v. Horowitz*, No. 12-CV-1219 (PAC), 2012 WL 5904808, at *3 (S.D.N.Y. Nov. 26, 2012), *aff'd*, 534 F. App'x 41 (2d Cir. 2013) ("Corporate officers can be in privity with the corporation for which they work.").

Plaintiff argues that the SHOA Defendants are not in privity with the Trion Defendants because: (1) they are "different and unrelated companies . . . with different roles and functions," which is supported by the fact "that a management contract exists between them;" (2) the SHOA Defendants' interests were not represented by the Trion Defendants as evidenced by the fact that the SHOA Defendants are not mentioned "in the Trion settlement;" (3) Plaintiff may not have been aware that the SHOA Defendants were directly employing him at the time he filed the Trion Action; and (4) even if Plaintiff was aware that the SHOA Defendants employed him, he was "*not required* to name all potential possibly known defendant-employers." ECF No. 25 (Pl. Opp. at 9–11) (emphasis in original). None of Plaintiff's arguments are availing.

First, whether the SHOA and Trion Defendants are separate companies with different roles is irrelevant for determining privity. Indeed, the idea of privity is that the entities are separate but with a sufficiently close relationship to justify preclusion. *See Monahan*, 214 F.3d at 285. Not only do the defendants here have a sufficiently close relationship for purposes of privity, as discussed above, but the SHOA Defendants' interests were represented in the prior action. Plaintiff asserted identical wage and hour and discrimination claims against SHOA's managing agent regarding conduct occurring on SHOA's property, which Trion defended against and settled, adequately representing the SHOA Defendants' interests.

Second, Plaintiff fails to cite, and the Court is unable to identify, any caselaw suggesting that the absence of a party's name within a settlement agreement means that the party's interests were not adequately represented for purposes of claim preclusion. In any event, the Settlement Agreements *support* that SHOA's interests were adequately represented in the Trion Action. Although the Settlement Agreements do not specifically name SHOA, they incorporate SHOA as a released party, protecting SHOA against a subsequent action by Plaintiff. *See infra* Section II. Incorporating SHOA in the release certainly represented SHOA's interest.

Third, Plaintiff appears to suggest that because he was "not always aware which company was directly employing him" at the time of the Trion Action, his failure to include the SHOA Defendants in the Trion Action is not a ground for preclusion. Pl. Opp. at 11. However, the relevant inquiry here is not whether Plaintiff knew that SHOA was directly employing him, but rather whether Plaintiff knew of SHOA's involvement in his employment. *See Official Publ'ns, Inc. v. Kable News Co.*, 811 F. Supp. 143, 147 (S.D.N.Y. 1993) ("The doctrine of *res judicata* also bars litigation of the same causes of action against defendants who were known to plaintiff at the time the first action was filed but were not named where the newly-added defendants have a sufficiently close relationship to the original defendant.").

The record strongly suggests that Plaintiff was aware of SHOA's involvement in his employment during the pendency of the Trion Action. Indeed, per Plaintiff's opposition, "Shorehaven issued the checks to Plaintiff and paid him, and Shorehaven had all the payroll documentation concerning Plaintiff. None of these were in possession of Trion . . . ." Pl. Opp. at 8. Thus, even assuming that Plaintiff was unsure of SHOA's status when he filed the Trion Complaint, given that Trion had no record of his payroll and was not the source of his payments, Plaintiff could have amended the Trion Complaint to add SHOA. "That Plaintiff failed to seek to

amend the complaint in [the Trion Action] in a timely manner to add [Defendants SHOA and Rosario] does not give him the opportunity to get a second bite at the apple in a new lawsuit." *See Wang v. Ren*, No. 19-CV-5310 (JPO), 2022 WL 464276, at *1 (S.D.N.Y. Feb. 15, 2022)

Finally, Plaintiff's assertion that, even if he knew of the SHOA Defendants at the time of the Trion Action he was "*not required* to name all potential possibly known defendant-employers," is incorrect. Pl. Opp. at 11. Plaintiff cites to *Central Hudson* and out-of-Circuit cases for the proposition that he may file "consecutive lawsuits against separate parties for same injury." *Id.* (quoting *Cent. Hudson*, 56 F.3d at 367). However, *res judicata* represents an exception to this rule, as the court in *Central Hudson* makes clear. *Cent. Hudson*, 56 F.3d at 367–368 ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). Further, "claim preclusion does not require all parties to the successive actions to be identical . . . [w]here the new parties are in privity with the old, the presence of new names on one side of the 'v.' does not factor into the res judicata analysis." *Fischer v. Brushy Mountain Bee Farm, Inc.*, No. 17-CV-10094 (PAE), 2023 WL 8603027, at *7 (S.D.N.Y. Dec. 12, 2023) (citation omitted).

Accordingly, because the SHOA and Trion Defendants maintained a principal-agent relationship, Trion adequately represented SHOA's interests in the prior action, and because Plaintiff knew of SHOA's involvement in his employment at least at some point during the Trion Action, the Court finds the factor of privity is met here. *See Reininger*, 2016 WL 10566629, at *5.

### C. The Claims in Both Actions Are Nearly Identical

As to the final factor, all of Plaintiff's claims against Defendants were, or should have been, raised in the prior action. "The Second Circuit has instructed that the first judgment will preclude a second suit only when it involves the same transaction or connected series of transactions as the earlier suit." *Ray Legal Consulting Group v. Gray*, 37 F. Supp. 3d 689, 701 (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (internal quotation marks omitted). To determine "whether two actions spring from the same transaction or claim, we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (cleaned up).

Plaintiff's claims in the present action and the Trion Action clearly spring from the same transaction, as the underlying facts in each action are virtually identical. Indeed, Plaintiff's Complaint here is nearly a *verbatim* copy of the complaint in the Trion Action, from the Preliminary Statement to the Factual Allegations, Causes of Action, and Prayer for Relief. To state but a few similarities, both Complaints concern wage and hour claims and discrimination claims stemming from Plaintiff's work as a superintendent and handyman, from June 2016 to December 2021, at a property located at 15 White Plains Road, Bronx, New York. *Compare* Trion Compl. ¶¶ 1, 21–22 *with* SHOA Compl. ¶¶ 1, 24–24. Both Complaints assert that Defendants forced Plaintiff to supervise a nearby park outside of his regular hours. *Compare* Trion Compl. ¶ 33 *with* SHOA Compl. ¶ 33. Both Complaints state that Plaintiff suffered a serious back injury in July 2021 while fixing a folding metal door and that Plaintiff's manager, Israel, ridiculed Plaintiff for that injury. *Compare* Trion Compl. ¶¶ 43–44 *with* SHOA Compl. ¶¶

47–48. Finally, both Complaints state the exact same five causes of action. *Compare* Trion Compl. ¶¶ 58–82 *with* SHOA Compl. ¶¶ 62–86.

In sum, the Court finds that Plaintiff's claims are barred by *res judicata* as the Trion Action was adjudicated on the merits, the SHOA and Trion Defendants are in privity and the Complaints in both actions are nearly identical.

II.     **The Trion Settlement Agreements Release Defendants**

The Court now turns to Defendants' argument that Plaintiff released them from both his wage and hour claims and his discrimination claims, and finds for Defendants. "A release is a species of contract and is governed by principles of contract law." *Golden Pacific Bancorp v. FDIC*, 273 F.3d 509, 514 (2d Cir. 2001) (internal quotation makes omitted). "Under New York law . . . settlement agreements must be enforced according to the plain meaning of their language." *Ferguson v. Ferrante*, 664 F. App'x 58, 60 (2d Cir. 2016) (summary order) (citation omitted). "[A] release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Arzu v. City of New York*, No. 13-CV-5980 (RA), 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015). "Indeed, a release is binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense." *Cuadrado v. Zito*, No. 13-CV-3321 (VB), 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014) (internal quotation marks omitted).

The language in both the Wage and Hour Settlement and the Discrimination Settlement is clear and unambiguous. Under the former, Plaintiff "voluntarily release[d] and forever discharge[d] Defendants, and Trion's subsidiaries . . . , members, **principals**, shareholders . . . (collectively "Releasees") of and from any wage and hour actions . . . [under] the Fair Labor Standards Act . . . the New York Labor Law and all New York Wage Orders; any other federal,

13

state, city or local wage-hour, wage-payment laws, rules [and] regulations . . . ." ECF No. 21-6 at 2 (emphasis added). Likewise, based on the Court's review of the Discrimination Settlement, Plaintiff agreed to release the Trion Defendants and their principals for all discrimination claims implicated here. ECF No. 21-7 at 2–3.

As discussed above, the SHOA Defendants were the Trion Defendant's principals per their Residential Management Agreement. *See supra* Section I(B). Accordingly, the Court finds that the releases clearly and unambiguously release the SHOA Defendants from any liability to Plaintiff pertaining to wage and hour claims that Plaintiff brought or could have brought (as of the date of the Wage and Hour Settlement), including liability for violations of the FLSA and NYLL, and from any liability to Plaintiff pertaining to discrimination claims that Plaintiff brought or could have brought (as of the date of the Discrimination Settlement). As Plaintiff does not allege "fraud, duress, undue influence, or some other valid legal defense," *Cuadrado*, 2014 WL 1508609, at *2, Plaintiff is therefore bound by the terms of the releases. Thus, the claims against the SHOA Defendants are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is GRANTED with prejudice. With respect to Defendants' letter motion at ECF No. 20, the Court concludes that Defendants have not met their burden to demonstrate that the interests in filing the entire Discrimination Settlement under seal outweighs the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Defendants may, however, redact portions of the Discrimination Settlement not relevant to the provisions releasing Defendants from future claims. Accordingly, Defendants are ORDERED to refile ECF Nos. 21 and 27 consistent with the Court's instructions.

Once Defendant refiles ECF Nos. 21 and 27, the Clerk of Court is respectfully directed to close the case.

Dated: March 14, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge